UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

IN RE

CONMACO/RECTOR, L.P.

DEBTOR

BANKRUPTCY NO.
04-11248
SECTION "B"
CHAPTER 11

## MEMORANDUM OPINION

This matter came before the court on June 22, 2005 as a hearing on the debtor's objection to proof of claim No. 125 filed by LBT Enterprises, Ltd. ("LBT"). For the reasons expressed below, the court denies the secured portion of LBT's claim and allows the unsecured portion in the amount of $100,287.32. The court also rules that the debtor is entitled to assume the Joint Venture Agreement with LBT provided that it cures or provides adequate assurance that it will promptly cure its default in accordance with the provisions of 11 U.S.C. § 365(b).

### I. Background Facts

The debtor and LBT entered into a joint venture agreement (the "JVA") on May 28, 2002, which provided for the promotion and marketing of a concrete pile cutter by the debtor. The JVA provided that each party was to furnish certain assets to the joint venture, and further, that the parties were to share in the profits earned from the sales of the concrete pile cutters. On February 27, 2004 the debtor filed for protection under

Chapter 11 of the United States Bankruptcy Code. LBT filed a proof of claim that asserted a secured claim of $267,601.75 and an unsecured claim of $100,287.32. The debtor filed an objection to this claim, contesting the entire secured claim and a portion of the unsecured claim. Subsequently it became clear that the secured claim asserted by LBT was actually its 50% ownership interest in the joint venture assets and was not in fact a claim against the debtor's estate. The $100,287.32 unsecured claim was supported by further documentation.

    LBT in its response to the debtor's objection to LBT's proof of claim raised the issue of whether the JVA was an executory contract that could be assumed under 11 U.S.C. § 365. In its plan of reorganization, the debtor failed to state whether it was assuming or rejecting the JVA. LBT filed an objection to the plan stating that the debtor should be required to state whether it intended to assume or reject the JVA. In response, the debtor took the position that the JVA was not an executory contract, although the debtor had listed it as an executory contract in its schedules. The debtor then amended its schedules to reflect its new position. The plan was confirmed over the objection of LBT. Thus, in its response to the debtor's objection to its proof of claim, LBT sought clarification of whether or not the JVA was an executory contract under § 365, and if so, whether it was an assumable executory contract under §365(c)(1).

The debtor's reply to LBT states that for purposes of this objection, it concedes that the JVA is an executory contract within the meaning of §365. The debtor also asserts that the JVA is a contract that can be assumed by the debtor. LBT argues that the JVA is not assumable because it is akin to a partnership agreement that cannot be assumed without the consent of LBT under Canadian law, which governs the JVA.

## II. Applicable Law

### 1. The objection to the proof of claim

The debtor objected to the secured claim of LBT on the grounds that no evidence of a properly perfected and preserved security interest in the property of the debtor was submitted by LBT. In its response, LBT admitted that its secured claim was actually an ownership interest in 50% of the equipment of the JVA between LBT and the debtor and not a secured claim. The debtor also objected to the unsecured claim of LBT to the extent that it varied from the records of the debtor. In its response to the debtor's objection, LBT provided further documentation of its unsecured claim totaling $100,287.32.

Under 11 U.S.C. § 502(a) a claim or interest, proof of which is filed, is deemed allowed unless a party in interest objects. Section 502(b) states that if an objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim as of the date of the filing of the petition, and shall allow such claim except

to the extent that such claim is unenforceable against the debtor and any property of the debtor, under any agreement or applicable law.

A properly filed proof of claim is *prima facie* evidence of the validity and amount of the claim. When an objection to the claim is presented, the burden of proof remains on the objector to rebut this *prima facie* effect. To rebut the claim, the objector must present evidence sufficient to refute at least one of the allegations that is essential to the claim's legal sufficiency. If the objector succeeds, then the burden shifts back to the claimant to prove the validity of the claim.[1]

LBT filed its proof of claim, thus meeting the threshold requirement for establishing a valid claim. The debtor's objection effectively rebutted the *prima facie* effect of the proof of claim by pointing to LBT's lack of supporting documentation. LBT conceded that it had no valid secured claim, putting that issue to rest. As to the unsecured claim, LBT provided further documentation to support its contention that it held an unsecured claim in the amount of $100,287.32, and the debtor did not contest the validity of that documentation. Thus, the court finds that LBT holds a valid unsecured claim against the debtor in the amount of $100,287.32.

**2.     The assumption of the Joint Venture Agreement**

Having agreed that LBT did possess a valid unsecured claim against the debtor,

---

[1] Federal Rule of Bankruptcy Procedure 3001(f); *In the Matter of O'Connor,* 153 F.3d 258,260 (5th Cir. 1998); *In re Starnes*, 231 B.R. 903,912 (Bankr. N.D. Tex. 1998).

the parties next raised the issue of whether the JVA, which was the source of LBT's claim against the debtor, was an executory contract that could be assumed by the debtor. The debtor argued that the JVA was an assumable contract, and LBT argued that it was not.

The parties have addressed two issues in their briefs. One issue is whether applicable law, in this case the law of Manitoba, Canada, which the JVA provides will govern the agreement, excuses LBT from accepting performance or rendering performance to an entity other than the debtor, i.e., whether the agreements are non-assignable. Because the court concludes that 11 U.S.C. § 365(c)(1) is not applicable to a debtor-in-possession seeking to assume, but not assign, its contract, there is no reason to address the issue of whether Canadian law prohibits the assignment of a joint venture agreement to a third party.

The other issue, whether or not the debtor as debtor-in-possession should be allowed to assume the JVA, is a question of interpretation of § 365. The language of § 365(c) at issue reads:

> The trustee may not assume or assign any executory contract or unexpired lease of the debtor, whether or not such contract or lease prohibits or restricts assignments of rights or delegation of duties, if-
>
> (1)(A) applicable law excuses a party, other than the debtor, to such contract or lease from accepting performance from or rendering performance to an entity other than the debtor or the debtor in possession, whether or not such contract or lease prohibits or restricts assignment of

rights or delegation of duties; or

(B) such party does not consent to such assumption or assignment.

The First Circuit and several lower courts have taken the view that the courts should apply the "actual test" in construing § 365 to permit assumption where the debtor in possession intends to assume the contract but not assign it[2]. The actual test examines whether the debtor seeks to assign or merely assume the contract in question, and finds that § 365(c)(1) does not prohibit assumption by the debtor-in-possession, but merely assignment to a third party. The Third, Fourth, Ninth and Eleventh Circuits have adopted the "hypothetical test," which applies the "assume or assign" language in § 365(c)(1) literally to prohibit assumption even by the debtor-in-possession.[3] The Fifth Circuit has not ruled on the issue, but the lower courts in the Fifth Circuit that have addressed the issue have used the actual test and allowed assumption of a contract by

---

[2] *Institut Pasteur v. Cambridge Biotech Corp.,* 104 F.3d 489 (1st Cir.), *cert. denied*, 521 U.S. 1120, 117 S.Ct. 2511, 138 L.Ed.2d 1014 (1997); *Summit Inv. & Dev. Corp. v. Leroux,* 69 F.3d 608 (1st Cir. 1995); *In re Mirant Corp.,* 303 B.R. 319 (Bankr. N.D.Tex. 2003); *In re Cajun Elec. Members Comm. v. Mabey,* 230 B.R. 693 (Bankr. M.D.La. 1999); *In re Lil' Things, Inc.,* 220 B.R. 583 (Bankr. N.D. Tex. 1998); *In re GP Express Airlines, Inc.,* 200 B.R. 222 (Bankr.D.Neb. 1996); *In re American Ship Bldg. Co., Inc.,* 164 B.R. 358 (Bankr.M.D.Fla. 1994); *Texaco Inc. v. Louisiana Land & Exploration Co.,* 136 B.R. 658 (M.D.La. 1992); *In re Fastrax, Inc.,* 129 B.R. 274 (Bankr.M.D.Fla. 1991); *In re Cardinal Inus., Inc.,* 116 B.R. 964 (Bankr.S.D.Ohio 1990); *In re Hartec Enters., Inc.,* 117 B.R. 865 (Bankr.W.D.Tex. 1990, *vacated on other grounds,* 130 B.R. 929 (W.D.Tex. 1991).

[3] *RCI Tech. Corp. v. Sunterra Corp.,* 361 F.3d 257 (4th Cir. 2004); *Perlman v. Catapult Entertainment, Inc.,* 165 F.3d 747 (9th Cir. 1999); *City of Jamestown v. James Cable Partners, L.P.,* 27 F.3d 534 (11th Cir. 1994), *rehearing en banc denied,* 38 F.3d 575 (11th Cir. 1994); *In re West Elecs., Inc.,* 852 F.2d 79 (3rd Cir. 1988).

the debtor-in-possession.[4] There are several problems with the "hypothetical test" urged by LBT and adopted by those courts that use that approach that persuade this court to follow the "actual test" employed by other lower courts in the Fifth Circuit.

The question is whether the limitation in § 365(c)(1), as applied to the debtor-in-possession, prohibits assumption without assignment.  The objective of the limitation in § 365(c)(1) is to provide the counter-party to a contract the right under applicable law to refuse to accept performance from or render performance to a third party or an entity "other than the debtor or the debtor-in-possession."  To prohibit the debtor-in-possession from assuming a contract to which the debtor was a party before filing makes no sense, especially after the U.S. Supreme Court has ruled that the debtor-in-possession is the same entity as the debtor.[5] In the instant situation, LBT, the counter-party to the contract, is not being forced to accept performance from a third party.  To prohibit a debtor-in-possession from assuming a contract to which it was a party pre-filing would severely limit the debtor's ability to reorganize and is inconsistent with the purpose of the Bankruptcy Code.

---

[4] *In re Mirant Corp.,* 303 B.R. 319 (Bankr. N.D.Tex. 2003); *In re Cajun Elec. Members Comm. v. Mabey,* 230 B.R. 693 (Bankr. M.D.La. 1999); *In re Lil' Things, Inc.,* 220 B.R. 583 (Bankr. N.D. Tex. 1998); *Texaco Inc. v. Louisiana Land & Exploration Co.,* 136 B.R. 658 (M.D.La. 1992);  *In re Hartec Enters., Inc.,* 117 B.R. 865 (Bankr.W.D.Tex. 1990, *vacated on other grounds,* 130 B.R. 929 (W.D.Tex. 1991).

[5] *NLRB v. Bildisco and Bildisco,* 465 U.S. 513, 104 S.Ct. 1188, 79 L.Ed.2d 482 (1984).

LBT argues that the debtor and the debtor-in-possession are not the same entity, but rather the debtor-in-possession is synonymous with the trustee. LBT points out in its brief that the Fifth Circuit addressed the issue of whether the trustee is allowed to assume a contract between the debtor and its counter-party and found that a liquidating trustee was not allowed to assume a partnership agreement between the debtor and his partners.[6] Contrary to LBT's position, *NLRB v. Bildiscoe, supra,* holds that the debtor and the debtor-in-possession are the same entity. Because the trustee is an entity other than the debtor or the debtor-in-possession, who has succeeded to the debtor's property by operation of the Bankruptcy Code, it is not inconsistent with the purpose of the Code to prohibit the trustee from assuming a contract of the debtor. Thus, this court finds that the holding in *O'Connor* does not prohibit a debtor-in-possession, as opposed to a liquidating trustee, from assuming an executory contract of the debtor.[7]

For the foregoing reasons, a judgment will be entered allowing LBT's unsecured claim in the amount of $100,287.32, denying LBT's secured claim in full, and holding that the Joint Venture Agreement is an executory contract that is assumable by the

---

[6] *In the Matter of O'Connor,* 258 F.3d 392 (5th Cir. 2001).

[7] Although the opinion in the *O'Connor* case does not draw the distinction between the trustee in that case, who was a *liquidation* trustee charged under the plan with an obligation to liquidate, i.e., sell or assign, the assets and a debtor-in-possession who intends to continue the business, that is to this court's mind an important distinction. Here, the debtor-in-possession is the reorganized debtor and not really a third party because no assignment of the debtor's ownership interest in the JVA is contemplated.

debtor subject to the provisions of § 365(b).

Baton Rouge, Louisiana, October 3, 2005.

_____
Jerry A. Brown
U.S. Bankruptcy Judge